# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| KEVIN FERNANDEZ, | * | |
| *as administrator of the estate of* | * | No. 21-252V |
| *Salvador Fernandez*, | * | |
| | * | |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed:  March 21, 2025 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * *

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner;
Madelyn Weeks, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On March 20, 2025, the parties filed a joint stipulation concerning the petition for compensation filed by Norys Fernandez on January 7, 2021.  Petitioner alleged that the influenza ("flu") vaccine Salvador Fernandez ("Mr. Fernandez") received on September 27, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused Mr. Fernandez to suffer from a Table injury of Guillain-Barré Syndrome ("GBS").  Petitioner represents that there has

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

been no prior award or settlement of a civil action for damages on Mr. Fernandez's behalf as a result of Mr. Fernandez's condition.

Respondent denies that Mr. Fernandez's alleged GBS were caused-in-fact by the flu vaccine; and denies that the flu vaccine caused Mr. Fernandez any other injury or Mr. Fernandez's death. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $75,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as legal representative of Mr. Fernandez's estate.**

**These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN FERNANDEZ, as administrator of the estate of Salvador Fernandez,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 21-252V<br>Special Master Christian J. Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Norys Fernandez filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), as power of attorney for Salvador Fernandez ("Mr. Fernandez"), who was living but not legally competent. Mr. Fernandez died on February 18, 2024, during the pendency of the claim, and Kevin Fernandez ("petitioner") was substituted as the administrator of his estate. The petition seeks compensation for injuries allegedly related to Mr. Fernandez's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Fernandez received the flu vaccine on or about September 27, 2018.

3. The vaccination was administered within the United States.

4. Petitioner alleges that Mr. Fernandez suffered Guillain-Barré Syndrome ("GBS") that was caused-in-fact by the flu vaccine. Petitioner further alleges that Mr. Fernandez experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Fernandez's behalf as a result of Mr. Fernandez's condition or death.

6. Respondent denies that Mr. Fernandez's alleged GBS or its residual effects were caused-in-fact by the flu vaccine; and denies that the flu vaccine caused Mr. Fernandez any other injury or Mr. Fernandez's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$75,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as legal representative of Mr. Fernandez's estate.

This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not

2

primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Fernandez's estate under the laws of the Commonwealth of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Fernandez's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Mr. Fernandez's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of Mr. Fernandez's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as legal representative of the estate of Mr. Fernandez, on petitioner's own behalf, and on behalf of the estate and Mr. Fernandez's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses,

and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Fernandez resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 27, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about January 7, 2021, in the United States Court of Federal Claims as petition No. 21-252V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Fernandez's alleged injury, or any other injury or Mr. Fernandez's death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heir, executors, administrators, successors, and/or assigns as legal representative of the estate of Mr. Fernandez.

**END OF STIPULATION**

PETITIONER:

_____
KEVIN FERNANDEZ


ATTORNEY OF RECORD FOR
PETITIONER:

_____
LAWRENCE R. COHAN
Saltz Mongeluzzi Bendesky P.C.
One Liberty Place
1650 Market Street, 2nd Floor
Philadelphia, PA 19103
(215) 585-3887
lcohan@smbb.com


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.02.07 13:48:57 -05'00'        for
_____
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857


Dated: 3/20/2025


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
 Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_____
MADELYN E. WEEKS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3262
madelyn.e.weeks@usdoj.gov

6